UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE RASCON, | No. 2:15-cv-01847 DB P |
| Petitioner, | |
| v. | ORDER |
| E. VALENZUELA, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus under 28 U.S.C. § 2254. Both parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 10, 11.) Petitioner alleges he is entitled to relief because the trial court abused its discretion when it refused to grant his motion to strike two prior felony strike convictions before sentencing. Respondent argues petitioner's claim is not cognizable in habeas. For the reasons set forth below, the court will deny the petition.

**BACKGROUND**

**I.    Procedural Background**

Petitioner filed a petition for writ of habeas corpus on August 26, 2015. (ECF No. 1.) The magistrate judge then assigned to the case screened the petition and directed respondent to file a response. (ECF No. 7.) Respondent filed an answer (ECF No. 14) and petitioner did not reply.

1

**II.     Factual Background**

Petitioner was an inmate at the Sugar Pine Conservation Camp ("SPCC"), a fire camp operated by the California Department of Corrections and Rehabilitation ("CDCR"). (LD[1] 5 at 2.) On April 28, 2012, a staff member observed two individuals wearing inmate clothing running outside the camp perimeter. (Id.) Petitioner was located approximately 150 yards outside the camp perimeter and was returned to custody without incident. (Id.)

Petitioner was charged with escape from custody, a felony. (Id.) At the beginning of trial, petitioner admitted two prior felony strike convictions for first degree burglary in 1996 and 2009. (Id. at 2-3.) Petitioner also admitted five prior prison terms for (1) the 1996 burglary conviction, (2) a 1997 conviction for possession of a controlled substance, (3) a 2000 conviction for possession of a controlled substance, (4) a 2005 conviction for possession of a controlled substance for sale, and (5) the 2009 burglary conviction for which petitioner was serving time at SPCC. (Id. at 3.) Following the two day trial, petitioner was found guilty of escape from custody. (Id.)

Before sentencing, petitioner filed a Romero motion[2] arguing the court should strike his prior strike convictions because (1) the 1996 burglary conviction was temporally remote and the 2009 burglary while not as remote, was still four years old; (2) the escape was far less serious than the strike offenses; and (3) the remaining prior convictions were nonviolent and mostly drug related. (Id.)

The government opposed the motion, arguing petitioner had suffered numerous felony convictions since 1996 and committed another felony offense while in custody. (Id.) The trial court denied the motion and sentenced petitioner to three years, doubled due to his strike offenses pursuant to California Penal Code section 1170.12, plus an additional four years, one year each for four of his prior prison terms, for a total of ten years in prison. (Id. at 4.)

---

[1] Respondent lodged the state court record here. (See ECF No. 15.) Documents are identified by their Lodged Document number, "LD," assigned to them by respondent.

[2] In a Romero motion, a criminal defendant asks the court to have a prior conviction dismissed or stricken so that it cannot be considered for purposes of imposing a sentence under California's three strikes law. See People v. Superior Court (Romero), 13 Cal.4th 497, 507, 530 (1996).

2

On appeal petitioner alleged the trial court abused its discretion by failing to grant the Romero motion and thus, violated his state and federal due process rights. (LD 3.) The California Court of Appeal affirmed the judgment reasoning the trial court did not abuse its discretion in refusing to grant the Romero motion and thus, petitioner's due process rights had not been violated. (LD 5.) The California Supreme Court summarily denied the petition for review. (LD 7.)

**STANDARDS OF REVIEW APPLICABLE TO HABEAS CORPUS CLAIMS**

To state a claim for relief cognizable in habeas a petitioner must allege a violation of the Constitution or federal law. 28 U.S.C. § 2254(a) (A prisoner in custody pursuant to the judgment of a state court may seek federal habeas relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Title 28 U.S.C. § 2254(d) sets forth the following standards for granting federal habeas corpus relief:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

"Clearly established federal law" means federal law that is clearly defined by the holdings of the United States Supreme Court at the time of the state-court decision. Cullen v. Pinholster, 563 U.S. 170, 182 (2011). "'[C]ircuit court precedent may be persuasive in determining what law is clearly established and whether a state court applied that law unreasonably.'" Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Maxwell v. Roe, 606 F.3d 561, 567 (9th Cir. 2010)).

In determining whether a decision is "contrary to" clearly established federal law, a reviewing court must evaluate whether the decision "'applies a rule that contradicts [such] law'" and how the decision "'confronts [the] set of facts' that were before the state court." Cullen, 563 U.S. at 182 (quoting Williams v. Taylor, 529 U.S. 362, 405, 406 (2000)). If the state decision

3

"'identifies the correct governing legal principle' in existence at the time," a reviewing court must assess whether the decision "'unreasonably applies that principle to the facts of the prisoner's case.'" Id. (quoting Willaims, 529 U.S. at 413). An "*unreasonable* application" of law is "'different from an *incorrect* application'" of that law. Harrington v. Richter, 562 U.S. 86, 101 (2011) (quoting Williams, 529 U.S. at 410) (emphasis in original). A state-court decision based on a factual determination may not be overturned on habeas review unless the factual determination is "'objectively unreasonable in light of the evidence presented in the state-court proceeding.'" Stanley v. Cullen, 633 F.3d 852, 859 (9th Cir. 2011) (quoting Davis v. Woodford, 384 F.3d 628, 638 (9th Cir. 2004)).

"[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411; see also Schriro v. Landrigan, 550 U.S. 465, 473 (2007); Lockyer v. Andrade, 538 U.S. 63, 75 (2003) ("It is not enough that a federal habeas court, in its independent review of the legal question, is left with a firm conviction that the state court was erroneous." (Internal citations and quotation marks omitted.)). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." Richter, 562 U.S. at 101 (quoting Yarborough v. Alvarado, 541 U.S. 652, 664 (2004)). Accordingly, "[a]s a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Id. at 103.

The court looks to the last reasoned state court decision as the basis for the state court judgment. Stanley, 633 F.3d at 859; Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). "[I]f the last reasoned state court decision adopts or substantially incorporates the reasoning from a previous state court decision, [this court] may consider both decisions to 'fully ascertain the reasoning of the last decision.'" Edwards v. Lamarque, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting Barker v. Fleming, 423 F.3d 1085, 1093 (9th Cir. 2005)). "When a federal claim

has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Richter, 562 U.S. at 99. This presumption may be overcome by showing "there is reason to think some other explanation for the state court's decision is more likely." Id. at 99-100 (citing Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991)). Similarly, when a state court decision on a petitioner's claims rejects some claims but does not expressly address a federal claim, a federal habeas court must presume, subject to rebuttal, that the federal claim was adjudicated on the merits. Johnson v. Williams, 133 S. Ct. 1088, 1091 (2013).

A summary denial is presumed to be a denial on the merits of petitioner's claims. Stancle v. Clay, 692 F.3d 948, 957 & n.3 (9th Cir. 2012). On federal habeas review, the district court reviews the decision of the highest state court to address the merits of the petitioner's claim in a reasoned decision. See Ylst, 501 U.S. at 803-04. In the absence of a decision from the highest state court, the Court "looks through" to the "last reasoned decision" addressing the particular claim. Id.; Shackleford v. Hubbard, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000).

## PETITIONER'S CLAIM

Petitioner's sole claim is that the trial court abused its discretion in refusing to grant his Romero motion, and thereby violated his state and federal due process rights. (ECF No. 1 at 5.)

### I. Legal Standards

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). A federal writ is not available for alleged error in the interpretation or application of state law. See Wilson v. Corcoran, 562 U.S. 1, 5 (2010); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Park v. California, 202 F.3d 1146, 1149 (9th Cir. 2000). Alleged errors of state law may not be remedied on federal habeas review, even if state law was erroneously interpreted or applied. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011) (per curium).

A misapplication of state sentencing law may in very rare circumstances support a claim for federal habeas relief. See Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (federal

habeas relief is "unavailable for alleged error in the interpretation or application of state law"); Sturm v. California Adult Authority, 395 F.2d 446, 448 (9th Cir. 1967) (redetermination of state sentence is a matter within the authority of the state and raises no federal question); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief."); Richmond v. Lewis, 506 U.S. 40, 50 (1992) ("[T]he question to be decided by a federal court on petition for habeas corpus is not whether the state sentence committed state-law error . . . Rather, the federal, constitutional question is whether such reliance is 'so arbitrary or capricious as to constitute an independent due process . . . violation.'" (quoting Lewis v. Jeffers, 497 U.S. 764, 780 (1990).).

A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process. Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996). Accordingly, to prevail on a claim for relief based on a sentencing error by a state court, a habeas petitioner must show that the error was "so arbitrary and capricious as to constitute an independent due process violation." Richmond, 506 U.S. at 50 (citation omitted). The petitioner bears the burden of demonstrating the objectively unreasonable nature of the state court decision in light of controlling Supreme Court authority. Woodford v. Viscotti, 537 U.S. 19, 25 (2002). Specifically, the petitioner "must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Richter, 562 U.S. at 103.

"Beyond the specific guarantees enumerated in the Bill of Rights, the Due Process Clause has limited operation." Dowling v. U.S., 493 U.S. 342, 352 (1990). The court is not free to define due process, it may only determine if the action complained of "violates those fundamental conceptions of justice which lie at the base of our civil and political institutions, and which define the community's sense of fair play and decency." U.S. v. Lovasco, 431 U.S. 783, 790 (1977) (internal quotations and citations omitted). As set forth below, petitioner has failed to establish that the state court erred, and thus, has failed to establish a due process violation.

## II.     Analysis

Petitioner's alleges his sentence was improper under California's three strikes law because the trial court abused its discretion when it denied his Romero motion, thus violating his due process rights. Whether or not the trial court correctly used its discretion in denying petitioner's Romero motion is a matter of state, not federal, law. Brown v. Mayle, 283 F.3d 1019, 1040 (9th Cir. 2002) (a trial court's refusal to exercise its discretion and strike prior felony convictions is not cognizable on federal habeas review), overruled on other grounds, 538 U.S. 901 (2003).

Petitioner is not entitled to relief on the basis that the state court made an error in applying state law. This court must defer to the state court's interpretation and application of California law concerning the propriety of petitioner's sentence under California law. Ring v. Arizona, 536 U.S. 584, 603 (2002) (a state court's construction of state law is "authoritative" on federal habeas review); Mullaney v. Wilbur, 421 U.S. 684, 691 (1975) ("[S]tate courts are the ultimate expositors of state law."). Therefore, in order to prevail on his claim, petitioner must show the error was so arbitrary and capricious it amounted to an independent violation of due process. See Richmond, 506 U.S. at 50.

California's three strikes law "establishes a sentencing norm." People v. Carmony, 33 Cal. 4th 367, 378 (2004). The law specifically details the "court's power to depart from this norm" and thereby "creates a strong presumption that any sentence that conforms to these sentencing norms is both rational and proper." Id.; see also Cal. Penal Code §§ 667(b)-(i), 1170.12, 1385(a). In deciding a Romero motion, the state court must consider, whether, in light of the nature and circumstances of the present felony and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the spirit of the three strikes scheme, and should be treated as though he had not been convicted of one or more serious and/or violent felonies. People v. Williams, 17 Cal. 4th 148, 161 (1998).

A trial court abuses its discretion in failing to dismiss a prior strike only under limited circumstances, such as when the court "[is] not aware of its discretion," or "considered impermissible factors in declining to dismiss." Carmony, 33 Cal. 4th at 378 (citations omitted).

"It is not enough to show that reasonable people might disagree about whether to strike one or more of the prior convictions." People v. Myers, 69 Cal. App. 4th 305, 310 (1999). Only in "an extraordinary case," which presents facts upon which "no reasonable minds could differ, [would] the failure to strike [] constitute an abuse of discretion." Carmony, 33 Cal. 4th at 378 (citation omitted).

Petitioner was sentenced for the escape, and the sentence was enhanced based on his previous serious felony convictions for burglary in 1996 and 2009 as well as his prior prison terms. In affirming the trial court's denial of petitioner's Romero motion the California Court of Appeal found the trial court did not abuse its discretion and that the evidence supported the denial. The Court of Appeal noted the trial court was aware it had the discretion to strike petitioner's prior strike offenses. (Id. at 3.) After examining the nature of petitioner's current and past offenses the Court of Appeal concluded the nature of both offenses supported the trial court's denial of the motion. (LD 5 at 6-7.)

Petitioner has failed to show anything more than a disagreement with the application of state law to the facts of his case. Petitioner is not entitled to relief unless he can show the Court of Appeal committed a state law error is so egregious it amounts to a federal due process violation. Hill v. United States, 368 U.S. 424, 428 (1962); Hendricks v. Zenon, 993 F.2d 664, 674 (9th Cir. 1993), cert. denied, 430 U.S. 936 (1977) (Relief is not available for alleged errors in the interpretation or application of state sentencing laws by either a state trial or appellate court, unless the error resulted in a complete miscarriage of justice.).

However, petitioner has not shown an error of state law, much less that the Court of Appeal's decision was arbitrary, capricious, or fundamentally unfair. See Mills v. Spearman, No. 2:15-cv-1038 JKS, 2016 WL 3519320, at 9 (E.D. Cal. June 27, 2016) (Federal habeas courts are bound by state court's construction of its own sentencing laws and denial of a Romero motion was not arbitrary, capricious, or fundamentally unfair in violation of federal due process). Because petitioner has failed to show any violation of his federal or Constitutional rights the court must deny his petition.

////

**CERTIFICATE OF APPEALABILITY**

No certificate of appealability is warranted in this case. For the reasons set out above, jurists of reason would not find this court's denial of petitioner's claims debatable or wrong. See Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Ninth Circuit under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing § 2254 Cases.

**CONCLUSION**

Petitioner has failed to establish the decision of the California Court of Appeal rejecting his claim was contrary to, or an unreasonable application of, clearly established federal law or was an unreasonable interpretation of the facts. See 28 U.S.C. § 2254(d). Because petitioner fails to satisfy the requirements of § 2254(d),

IT IS HEREBY ORDERED that petitioner's application for a writ of habeas corpus is denied.

Dated: November 14, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB: 12
DLB1/prisoner-habeas/Rasc1847.hcsub'd 2